IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ericsson Inc., and Telefonaktiebolaget LM Ericsson<br><br>        Petitioners,<br><br>v.<br><br>Apple Inc., a/k/a Apple Computer, Inc.<br><br>        Respondent | MISC. NO. _____<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE |

MEMORANDUM OF LAW IN SUPPORT OF ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM ERICSSON'S
MOTION FOR THE ISSUANCE OF A LETTER OF REQUEST FOR
<u>INTERNATIONAL JUDICIAL ASSISTANCE</u>

Petitioners Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"), Complainants in *Certain Electronic Devices, Including Wireless Communication Devices, Computers, Tablet Computers, Digital Media Players, and Cameras,* Investigation No. 337-TA-952 before the U.S. International Trade Commission ("ITC"), hereby submit this memorandum in support of its motion for this Court to issue, under its seal and signature, the attached Letter of Request on behalf of Ericsson to the International Legal Cooperation Center, a division of the Ministry of Justice of the People's Republic of China.

On May 29, 2015, Ericsson moved in the ITC for the Administrative Law Judge to recommend that this Court issue a Letter Rogatory on behalf of Ericsson to obtain discovery from Shenzhen Desay Battery Technology Co., Ltd. ("Desay") in the People's Republic of China. On June 11, 2015, Administrative Law Judge David P. Shaw, based on his knowledge of

the Investigation, signed an order recommending that the U.S. District Court for the District of Columbia issue the Letter of Request on behalf of Ericsson. (Exhibit 1 ).

The Letter of Request to Desay (Exhibit 2) and its certified Mandarin Chinese translation (Exhibit 3) solicits the assistance of the International Legal Cooperation Center, a division of the Ministry of Justice of the People's Republic of China, to obtain certain documents and deposition testimony relevant to this Investigation and unobtainable through other means from Desay for use at the hearing in this Investigation. Publically available documents show that Desay may manufacture components of products accused of infringing the patents-in-suit in this Investigation. More specifically, Desay likely possesses information relevant to the battery packs in certain accused products. Further, publically available documents show that Desay may manufacture components of products for certain of Ericsson's licensees, which support Ericsson's domestic industry allegations in this Investigation, as enumerated in 19 U.S.C. §§ 1337(a)(2) and (a)(3). Ericsson respectfully requests that the Court issue the attached Letter of Request.

The following documents are attached to this Memorandum:

- **Exhibit 1:** Order No. 7: Granting Ericsson's Motion Seeking Recommendation to the District Court for the District of Columbia to Issue Letter Rogatory (June 11, 2015), signed by Administrative Law Judge David P. Shaw.
- **Exhibit 2:** PROPOSED Letter of Request to Shenzhen Desay Battery Technology Co., Ltd. in English with Attachments A-E (Requests for Production of Documents, Topics for Deposition, Protective Order, Ground Rules, and the Complaint)
- **Exhibit 3:** PROPOSED Letter of Request to Shenzhen Desay Battery Technology Co., Ltd. in Mandarin Chinese with Attachments A-E (Requests for Production of Documents, Topics for Deposition, Protective Order, Ground Rules, and the Complaint)

In support of this Motion, Ericsson respectfully states as follows:

I.     **THE DISTRICT COURT HAS AUTHORITY TO ISSUE LETTERS OF REQUEST UNDER THE HAGUE CONVENTION**

The Hague Convention provides that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Art. 1, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555 (hereinafter "Hague Convention"). Both the United States and the People's Republic of China are parties to the Hague Convention. The United States ratified the Hague Convention on August 8, 1972; the People's Republic of China acceded on December 8, 1997. *See* Hague Conf. on Private Int'l Law, Status Table: Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, *available at* http://www.hcch.net/index_en.php?act=conventions.status&cid=82 (last visited June 15, 2015).

The Hague Convention authorizes the District Court for the District of Columbia to issue the Letter of Request. *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court*, 482 U.S. 522, 535 (1987) (stating that a judicial authority in one contracting state 'may' forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence"); 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"). Under the Hague Convention, evidence can be compelled pursuant to a Letter of Request transmitted directly from a court in the United States to the appropriate Central Authority in the language of that Central Authority, which is the Ministry of Justice of the People's Republic of China, International Legal Cooperation Center. *See* Chinese Central Authority (Art. 2) and practical

3

information, *available at* http://www.hcch.net/index_en.php?act=authorities.details&aid=243 (last visited June 15, 2015).

Administrative Law Judges have issued such Requests to the District Court for the District of Columbia in other investigations. *See, e.g., Certain Electronic Devices, Including Wireless Communication Devices, Tablet Computers, Media Players, and Televisions, and Components Thereof*, Inv. No. 337-TA-862, Order No. 34 (Apr. 17, 2013) (issuing request to the District Court for the District of Columbia to issue a Letter of Request to Germany); *Certain Electronic Devices, Including Wireless Communication Devices, Tablet Computers, Media Players, and Televisions, and Components Thereof*, Inv. No. 337-TA-862, Order No. 29 (Apr. 4, 2013) (issuing request to the District Court for the District of Columbia to issue a Letter of Request to Sweden); *Certain Mobile Elec. Devices Incorporating Haptics*, Inv. No. 337-TA-834, Order No. 14 (Sept. 17, 2012) (issuing a request to the District Court for the District of Columbia to issue a Letter of Request to Korea); *Certain Elec. Devices with Commc'n Capabilities, Components Thereof, & Related Software*, Inv. No. 337-TA-808, Order No. 14 (May 13, 2012) (issuing a request to the District Court for the District of Columbia to issue a Letter of Request to the United Kingdom); *Certain Wireless Devices with 3G Capabilities & Components Thereof*, Inv. No. 337-TA-800, Order No. 12 (Jan. 5, 2012) (issuing a request to the District Court for the District of Columbia to issue a Letter of Request to Switzerland).

## II.   DESAY IS IN POSSESSION OF RELEVANT DOCUMENTS AND INFORMATION IN THE PEOPLE'S REPUBLIC OF CHINA

Ericsson seeks foreign discovery from Desay because Desay likely possesses documents relevant to this Investigation. Publically available documents show that Desay may manufacture components of products accused of infringing the patents-in-suit in this Investigation. More specifically, Desay likely possesses information relevant to the battery packs in certain accused

products. Further, publically available documents show that Desay may manufacture components of products for certain of Ericsson's licensees, which support Ericsson's domestic industry allegations in this Investigation.

### III. THE LETTER OF REQUEST IS NECESSARY TO OBTAIN THE DOCUMENTS AND INFORMATION FROM DESAY AND CONFORMS TO THE REQUIRED PROCEDURAL SAFEGUARDS

The attached Letter of Request should issue for several reasons. The information sought in the document requests and through the requested deposition topics is narrowly tailored to obtain relevant information related to Apple's practice of the asserted patents through Desay's components. This information bears directly on the issue of infringement and on the issue of domestic industry. The requested information, or its substantial equivalent, could not be obtained without undue hardship by alternate means because the knowledgeable witnesses and documents are in the People's Republic of China, which is beyond the Commission's subpoena powers.

Ericsson recognizes that in accordance with Article 23 of the Hague Convention, the People's Republic of China will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents where the Letter of Request is issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries. *See* Declarations, Articles: 4, 16, 19, 23, 33, *available at* http://www.hcch.net/index_en.php?act=status.comment&csid=493&disp=resdn (last visited on June 15, 2015). Consistent with this reservation, the Letter of Request is narrowly tailored to obtain relevant information related to Apple's practice of the asserted patents through Desay's components and bearing directly on the issue of infringement and on the issue of domestic industry. Furthermore, the documents produced pursuant to the Letter of Request would be

subject to the Protective Order in this Investigation, attached to the Letter of Request, thereby ensuring that the interests of Desay are adequately protected.

Ericsson is fully prepared to comply with the procedural requirements involved in obtaining the requested documents and testimony from Desay through a Letter of Request. The necessary steps to receive judicial assistance are:

- Obtain a Letter of Request with the signature of a District Court judge and the seal of the District Court, and a copy thereof translated into Mandarin Chinese.

- The Letter of Request must include the identities of the parties, the nature of the proceedings, the discovery sought, any special procedures, the identity of the party that will bear any costs, and other information as recommended by the Hague Conventions. *See* Hague Convention, *Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, *available at* http:/www.hcch.net/upload/actform20e.pdf (last visited June 15, 2015).

- Ericsson must transmit the letter to the Ministry of Justice of the People's Republic of China, International Legal Cooperation Center, submitted with a Chinese translation, for enforcement in a Chinese court. The Chinese court will serve the requests on Desay.

## IV.   CONCLUSION

For the foregoing reasons, Ericsson respectfully requests that the Court grant Ericsson's motion and issue Ericsson's Letter of Request to the International Legal Cooperation Center of the People's Republic of China.

Date:  June 29, 2015                           Respectfully submitted,

Andrew R. Sommer
Bar ID# 503034
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006-3817
Telephone:  (202) 282-5000
Facsimile:  (202) 282-5100

*Counsel for Complainants Ericsson Inc. and Telefonaktiebolaget LM Ericsson*